## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,             Criminal Action No. 12-20272

v.                        HONORABLE DENISE PAGE HOOD

FELICAR WILLIAMS (D4),

      Defendant.

_____/

## ORDER DENYING MOTION WAIVER OF COURT REPORTER FEES

## I.   BACKGROUND

This matter is before the Court on Defendant Felicar Williams' Motion to Waive Court Reporter's Fees as to transcripts for appeal purposes under the Criminal Justice Act, 18 U.S.C. § 3006A.   On September 30, 2014, a jury returned a verdict finding Williams guilty of Conspiracy to Commit Health Care Fraud, 18 U.S.C. § 1349 (Count 1) and guilty of Conspiracy to Pay and Receive Health Care Kickbacks, 18 U.S.C. § 371 (Count 2).   (Doc. No. 377) On April 21, 2015, Williams was sentenced by the Court.   On May 4, 2015, Williams filed a Notice of Appeal.   (Doc. No. 432)  Williams has been and, on appeal, continues to be represented by retained counsel.

Williams asserts that even though she retained counsel for appeal purposes, she

is indigent.  Williams is unemployed and has no assets or resources to pay for the

transcripts. Williams' mother, Carolyn Wright, paid for Williams' trial counsel's fees.

Ms. Wright is a nurse and does not have the resources to pay for the transcripts.

Williams attached an affidavit asserting she is unable to pay the transcript fees, but did

not submit the financial affidavit required under the CJA.  No response was filed to

the motion by the Government.

The matter was scheduled to be heard on September 10, 2015.  The

Government's counsel appeared for the hearing, but neither Williams nor her counsel

appeared at the hearing.

## II.    ANALYSIS

### A.    Jurisdiction

The rule addressing a party to seek *in forma pauperis* status on appeal is

governed by Rule 24(a)(1) of the Rules of Appellate Procedure which requires a party

to file a motion in the district court and an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the
> Appendix of Forms the party's inability to pay or to give
> security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on
> appeal.

Fed. R. App. P. 24(a)(1); *Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999).

The Sixth Circuit Court of Appeals' Rules provides that "[i]f a convicted defendant

2

did not qualify to proceed *in forma pauperis* in the district court but appears to qualify on appeal, trial counsel must see that the defendant completes CJA Form 23 (for an incarcerated defendant) or Fed. R. App. P. Form 4 (for a defendant not incarcerated) and files it in the district court."  6 Cir. R. 24.

The Federal Rule of Appellate Procedure Rule 10 provides that the record on appeal includes: the original papers and exhibits filed in the district court; the transcript of proceedings, if any; and, a certified copy of the docket entry prepared by the district clerk.  Fed. R. App. 10(a).  It is the appellant's duty to order from the reporter a transcript of the proceedings within 14 days after filing of the notice of appeal and the order to the court reporter must be in writing and indicate if the transcript is to be paid by the United States under the CJA and the order must be filed with the district clerk within the 14 days.  Fed. R. App. 10(b)(1).  At the time of ordering the transcript, the party must make satisfactory arrangements with the reporter for paying the cost of the transcript.  Fed. R. App. 10(b)(4).  The Sixth Circuit requires a party ordering  a transcript use Form 6CA-30 and file the form in both the district court and court of appeals, with copies to the reporter.  6 Cir. R. 10(a)(1).  The Sixth Circuit may dismiss an appeal for failure to timely order a transcript or to make satisfactory arrangements with the reporter for paying the cost of the transcript.  6 Cir. R. 10(a)(2).

3

Williams did not address in her motion as to whether this Court has jurisdiction to address her request to waive the fees required by the court reporter for the transcripts. Although Appellate Rule 24(a) provides that a party seeking to proceed *in forma pauperis* on appeal must file such a request before the district court, Williams is not seeking to proceed *in forma pauperis* since she is represented by retained counsel. Rather, Williams is seeking to waive the fees to pay the court reporter regarding the trial transcript. There is nothing in the appellate rule regarding filing requests before the district court to waive any fees due to the court reporter. Appellate Rule 10 provides that the appellate court reviews compliance with its transcript requirements. This Court may not have jurisdiction over the Sixth Circuit's transcript requirements.

However, Williams filed the instant motion before this Court prior to the entry of the Judgment. Since this Court has yet to enter the Judgment in this case, the technical time to file a Notice of Appeal has not passed. Because the Judgment has yet to be entered, the Court may have jurisdiction over the transcript waiver request. The Court addresses the motion below.

## B.  Waiver of Transcript Fees

The Supreme Court has held that the expenditure of public funds is proper only when authorized by Congress. *See United States v. MacCollom,* 426 U.S. 317, 321

4

(1976).  The Court Reporters Act provides that a court reporter may charge and collect fees for transcripts requested by parties and that fees for transcripts furnished in criminal proceedings to persons under the CJA shall be paid by the United States out of moneys appropriated for those purposes.  28 U.S.C. § 753(f).  The Criminal Justice Act provides that "Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application."  18 U.S.C. § 3006A(e)(1).  "Other services" covers the expense of transcripts so long as there is sufficient showing of need and status under the CJA.  *United States v. Brown,* 443 F.2d 659, 660 (D.C. Cir. 1970).

The Guide to Judiciary Policy, Vol. 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 3, provides::

> (a) Investigative, expert, or other services necessary to adequate representation, as authorized by subsection (e) of the Criminal Justice Act (CJA) (18 U.S.C. § 3006A), are available to persons who are eligible under the CJA, including persons who have retained counsel but who are found by the court to be financially unable to obtain the necessary services.

> (b) In this connection, a person with retained counsel is financially unable to obtain the necessary services *if* the person's resources are in excess of the amount needed to provide the person and the person's dependents with the necessities of life, provide defendant's release on bond, and pay a reasonable fee to the person's retained counsel, but are insufficient to pay for the necessary services.

5

Guide, Vol. 7A, § 310.10.10(italics added).  In reviewing such a request, the court should inquire into the fee arrangement between the retained attorney and the client. Guide, Vol 7A, § 310.10.20(a).  The court may order the retained attorney to pay out part of the costs and expenses if the court finds the fee arrangement is unreasonable in relation to fees customarily paid to qualified practitioners in the community, or that it was made with a gross disregard of the defendant's trial expenses.  Guide, Vol 7A, § 310.10.20(b).  If the court finds a person is eligible under the CJA, the court may direct the person to pay any available excess of funds to the clerk of the court at the time of approval of the request or from time to time thereafter.  Guide, Vol 7A, § 310.10.20(c).

Initially, the Court finds that it cannot waive the fees required under the Court Reporters Act.  The Court Reporters Act provides that fees for transcripts furnished in criminal proceedings to persons under the CJA shall be paid by the United States out of moneys appropriated for those purposes.  28 U.S.C. § 753(f).

In her motion, Williams did not submit the Fed. R. App. Form 4 as required by 6 Cir. R. 24 for application for pauper status on appeal in a criminal case.  Although Williams submitted an affidavit, based on the Sixth Circuit rule, Williams must submit the appropriate form for the Court's review.

Pursuant to the Judiciary Guide, which Williams cited in her motion, the Court

cannot determine at this time, without further inquiry, whether the fee arrangement between Williams and retained counsel is reasonable in relation to fees customarily paid to practitioners in the community. Defense counsel did not submit any documents to show such. The Court is also unable to determine whether Williams and retained counsel grossly disregarded the expenses of trial and/or appeal in the fee arrangement. In light of the lengthy trial in this matter, appellate expenses, including trial transcript fees, should have been discussed at the time the fee arrangement was entered into.

Because no one appeared on behalf of Williams at the scheduled hearing on her Motion for Waiver of Court Reporter Fees, the Court was unable to inquire about retained counsel and Williams' fee arrangement in order to properly rule on this request. Williams has not carried her burden under the CJA and the Judiciary Guide regarding criminal transcripts on appeal. The Court denies Williams' Motion for Waiver of Court Reporter Fees. Williams may renew her request before the Sixth Circuit Court of Appeals as set forth in the appellate rules.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Felicar Williams' Motion for Waiver of Court Reporter Fees (**Doc. No. 497**) is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 14, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

8