# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,         Criminal Case No. 12-20272

v.              HON. DENISE PAGE HOOD

FELICAR WILLIAMS (D-4),

  Defendant.
_____/

## ORDER DENYING MOTIONS FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES UNDER 18 U.S.C. § 3582

This matter is before the Court on Defendant Felicar Williams' Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant Williams seeks to reduce her sentence based on the United States Sentencing Commissions' Amendment 791 which became effective in November 2015. For the reasons set forth below, the Court denies Defendant Williams' motions.

On September 30, 2014, a jury convicted Defendant Williams of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 and conspiracy to pay and receive health care kickbacks in violation of 18 U.S.C. § 371. (ECF No. 377) Defendant Williams was sentenced on April 21, 2015 to concurrent terms of 60 months imprisonment on each count, followed by concurrent terms of 24 months of

supervised release. (ECF No. 505) On October 25, 2016, the Sixth Circuit Court of Appeals affirmed the Judgment. (ECF No. 577)

The applicable Sentencing Guidelines are the ones "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(ii). A federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. U.S.,* 560 U.S. 817, 819 (2010)(quoting 18 U.S.C. § 3582(c)). An exception is provided "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if such reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* (quoting 18 U.S.C. § 3582(c)(2)). "When the Commission makes a Guideline amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes the trial court to reduce an otherwise final sentence that is based on the amended provision." *Id.* at 821. To satisfy the requirements for a sentence reduction under 18 U.S.C. § 3582(c)(2), "a guideline amendment must have the effect of lowering the defendant's applicable guideline range." *United States v. Riley,* 726 F.3d 756, 758 (6th Cir. 2013). An applicable guideline range is "the range that applies before the sentencing court grants any discretionary departures." *United States v. Pembrook,* 609 F.3d 381, 387 (6th Cir. 2010). A defendant subject to a statutory mandatory minimum sentence is not eligible for reduction if the amendment does not

lower a defendant's applicable guideline range. *United States v. Johnson,* 564 F.3d 419, 423 (6th Cir. 2009). A defendant is not eligible for reduction where the original sentence was based on the career-offender guidelines and not the revised guidelines. *Id.* at 422-23.

Defendant Williams claims that Amendment 791 applies to her sentence. She asserts that because her case was "still open" when Amendment 791 became effective, she may be entitled to a sentence reduction under Section 2B1.1(b)(1). Defendant Williams' case was not "open" when Amendment 791 became effective, but was on appeal and not yet final.

Amendment 791, which took effect in November 2015, altered the amount-of-loss table in Guideline § 2B1.1 that applies to fraud crimes. As noted above, the applicable Sentencing Guidelines, are the ones in effect at the time of sentencing. 18 U.S.C. § 3553(a)(4)(A)(ii). The Sentencing Commission may amend the Guidelines, but any reduction must be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The Sentencing Commission's Policy Statement effective November 1, 2015 is that the Court may only reduce a sentence under 18 U.S.C. § 3582(c)(2) as a result of an amendment to the Guidelines Manual based on the specific amendments listed in § 1B1.10(d). Amendment 791 is not listed in § 1B1.10(d).

The Court imposed its sentence on April 21, 2015. Amendment 791 took effect in November 2015, which was after Defendant Williams was sentenced. Based on §1B1.10(d), the policy statement issued by the Sentencing Commission is clear that a term of imprisonment cannot be reduced pursuant to 18 U.S.C. § 3582(c)(2) for Amendment 791's adjustment to the loss table found in U.S.S.G. § 2B1.1(b). *United States v. Conley,* Case No. 3:13-CR-00028, 2018 WL 2275231 at *3 (E.D. Ky. May 17, 2018) (Denying Motion to Reduce Sentence based on Amendment 791.) The Sentencing Commission did not make Amendment 791 retroactive. *See* U.S.S.G. § 1B1.10(d)(list of retroactively applicable Amendments); *United States v. Dullen,* 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Mahmud,* Case No. 11-20078, 2016 WL 3019310 at *2 (E.D. Mich. May 26, 2016)("[T]he Sentencing Commission did not make the amended loss table retroactive.") Amendment 791 did not affect Defendant Williams' sentence.

Even if the Court had the authority to apply Amendment 791 to Defendant Williams' sentence, the term of imrpisonment imposed by the Court of 60 months on each count to run concurrent would still be well below any amended Guideline range. At sentencing, Defendant Williams received an 18 level increase for the amount of loss ($2,431,018.08) under the then-effective U.S.S.G. § 2B1.1(b), which made the total offense level, 32, with a criminal history category I, resulting in a Guideline

range of 121 to 151 months. With the same amount of loss under Amendment 791, the base level would now be increased by 16 levels, rather than the 18 level increase applied to Defendant Williams. That would make Defendant Williams' offense level at 30. With a criminal history category I, the resulting Guideline range would be 97 to 121 months. Defendant Williams was sentenced to 60 months. Because of the Sentencing Commission's policy not to apply Amendment 791 prior to the effective date of November 1, 2015, the Court has no authority to resentence Defendant Williams.

It is noted that under § 1B1.10(b)(2), the Court "shall not reduce the defendant's term of imprisonement under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." This means that if the Court had the authority to apply Amendment 791, the lowest sentence the Court could impose would be the lower end of the amended guideline range of 97 months, which is much higher than the 60 months the Court imposed at the time of Defendant Williams' sentence. The Court denies Defendant Williams' Motions for Retroactive Application of Sentencing Guidelines because it lacks authority to do so.

Accordingly,

IT IS ORDERED that Defendant Felicar Williams' Motions for Retroactive

Application of Sentencing Guildines under 18 U.S.C. § 3582 **(ECF Nos. 637 and**

**647)** are DENIED.


       s/Denise Page Hood
       Denise Page Hood
       Chief Judge, United States District Court

Dated: August 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of
record on August 31, 2018, by electronic and/or ordinary mail.

       s/LaShawn R. Saulsberry
       Case Manager